IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                Petitioner,

    v.                                             CASE NO. 20-3269-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner proceeds pro se, and the Court has liberally construed the Petition and attachments in conducting an initial review of the pleading. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (a court must construe pro se pleadings liberally but does not serve as pro se party's advocate).

### Background

In 1989, a jury convicted Davis of felony murder, aggravated arson, and aggravated robbery. He was sentenced to life in prison. The Kansas Supreme Court affirmed his convictions on appeal. *See State v. Davis*, 802 P.2d 541 (Kan. 1990).

In 2017, a jury convicted Davis of battery of a law enforcement officer based on an incident where he punched a correctional officer. On February 15, 2018, the state district court sentenced Davis to 65 months' imprisonment. The conviction was affirmed by the Kansas Court of Appeals in an opinion dated October 11, 2019. *See State v. Davis*, 449 P.3d 1232 (Table), 2019 WL

1

5090467 (Kan. App. Oct. 11, 2019). The Kansas Supreme Court denied review on September 24, 2020.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Petition**

Petitioner's pleading alleges the following grounds for relief: (1) the state court lacked jurisdiction to convict him in 2017 because the state failed to comply with the provisions of K.S.A. 22-4301, *et seq*., the Uniform Mandatory Disposition of Detainers Act (UMDDA); (2) his 2017 conviction was invalid because he was not properly "in custody" of the Secretary of Corrections at the time of the assault as required by K.S.A. 21-5413(c)(3)(A); (3) Davis is subject to unlawful conditions of confinement due to his many medical conditions and the risk of contracting COVID-19; and (4) facility staff humiliated Davis while he was using the restroom and opened his cell door while he was asleep to enable another inmate to attack him.

**Screening**

**Ground One**

Ground One of the Petition fails to assert a claim that is actionable in a federal habeas corpus action because it does not implicate a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's argument in Ground One is based on an alleged violation of a state law and involves the interpretation of state law. Violations of state law or claims involving the interpretation of state law are not cognizable in a federal habeas corpus

proceeding unless the alleged violation implicates the Constitution. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). In his description of this claim, Davis lists five constitutional amendments (First, Fifth, Sixth, Eighth and Fourteenth) but offers no explanation for how the alleged violation of the state statute violated his federal constitutional rights.

**Ground Two**

Ground Two of the Petition has not been properly exhausted. A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). To satisfy this exhaustion prerequisite, Petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The petitioner bears the burden of showing he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir. 2020); *Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished).

While Davis did appeal his conviction, he did not properly present the issue he raises in Ground Two to the state courts. According to the opinion of the Kansas Court of Appeals affirming his conviction, Davis attempted to raise the issue of whether he was properly "in custody" on the day of the offense in a purported letter of additional authority under Kansas Supreme Court Rule

3

6.09(b). The Court of Appeals found the issue had not been briefed and refused to address it. *See Davis*, 2019 WL 5090467, at *4.

Accordingly, the Court finds that Ground Two of the Petition should be dismissed without prejudice for failure to exhaust.

**Grounds Three and Four**

A petition under 28 U.S.C. § 2254 provides a remedy to collaterally attack the validity of a conviction and sentence imposed by a state court. Petitioner's claims in Grounds Three and Four do not challenge the legality of his conviction or sentence. Instead, he alleges that his conditions of confinement violate his constitutional rights. Such claims must be presented in a civil rights complaint. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

## Conclusion

The Court directs Petitioner to show cause why the Petition should not be summarily dismissed for the reasons discussed above.

## Motions

Petitioner has filed a motion titled "Motion for Leave to File for Expansion of Record" (ECF No. 8). In the filing, Petitioner expands on the claim he makes in Ground Two of the Petition, arguing about the legality of his confinement under the sentence imposed for his 1989 convictions. As discussed above, Ground Two is subject to dismissal. The motion is denied.

Also pending before the Court is a Motion for Order (ECF No. 9) filed by Petitioner. Davis requests immediate release from custody based on the Petition he filed in this matter. Because the Court finds the Petition subject to dismissal, the motion is denied.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **May 8, 2021**, to show cause why this matter should not be dismissed.  The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File for Expansion of Record (ECF No. 8) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order (ECF No. 9) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 8th day of April, 2021, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**