IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                Petitioner,

v.                                          CASE NO. 20-3269-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and entered a Notice and Order to Show Cause (ECF No. 10) ("NOSC") directing Petitioner to show cause why this matter should not be dismissed. This matter is before the Court on Petitioner's Response (ECF No. 11), as well as a motion for leave to file an amended petition (ECF No. 12).

### Background

In 1989, a jury convicted Davis of felony murder, aggravated arson, and aggravated robbery. He was sentenced to life in prison. The Kansas Supreme Court affirmed his convictions on appeal. *See State v. Davis*, 802 P.2d 541 (Kan. 1990).

In 2017, a jury convicted Davis of battery of a law enforcement officer based on an incident where he punched a correctional officer. On February 15, 2018, the state district court sentenced Davis to 65 months' imprisonment. The conviction was affirmed by the Kansas Court of Appeals

1

in an opinion dated October 11, 2019.  *See State v. Davis*, 449 P.3d 1232 (Table), 2019 WL 5090467 (Kan. App. Oct. 11, 2019).  The Kansas Supreme Court denied review on September 24, 2020.

Petitioner's pleading alleges the following grounds for relief: (1) the state court lacked jurisdiction to convict him in 2017 because the state failed to comply with the provisions of K.S.A. 22-4301, *et seq.*, the Uniform Mandatory Disposition of Detainers Act (UMDDA); (2) his 2017 conviction was invalid because he was not properly "in custody" of the Secretary of Corrections at the time of the assault as required by K.S.A. 21-5413(c)(3)(A); (3) Davis is subject to unlawful conditions of confinement due to his many medical conditions and the risk of contracting COVID-19; and (4) facility staff humiliated Davis while he was using the restroom and opened his cell door while he was asleep to enable another inmate to attack him.

This Court screened the petition and entered an NOSC finding that Ground One failed to assert a claim that is actionable in a federal habeas corpus action because it does not implicate a "violation of the Constitution or law or treaties of the United States" (28 U.S.C. § 2254(a)); that Ground Two was not properly exhausted as required by 28 U.S.C. § 2254(b)(1); and that Grounds Three and Four present claims that must be brought in a civil rights complaint rather than a habeas action.  Petitioner was directed to show good cause why the petition should not be denied or dismissed for those reasons.

In his response to the NOSC, Petitioner does not address any of the Court's conclusions. Accordingly, the Court finds that Grounds One, Three, and Four should be denied and Ground Two should be dismissed without prejudice to Petitioner refiling after exhaustion of his state court remedies.

**Motion to File Amended Petition (ECF No. 12)**

However, also before the Court is Petitioner's motion for leave to file an amended petition (ECF No. 12). Petitioner properly attaches his proposed amended petition. The amended petition again raises four grounds. Three of the four grounds appear to be entirely different than the grounds raised in the original petition and discussed above.

Ground One alleges the Butler County District Court's judgment is void for lack of jurisdiction. Petitioner argues he was not lawfully "in custody" of the Secretary of Corrections when he committed the assault because he had satisfied his sentence on his murder conviction so he cannot be guilty of a violation of K.S.A. 21-5413(c). This appears to be the same argument he made in Ground Two of his original petition, which the Court found had not been properly exhausted.

Petitioner describes Ground Two as "Constitutional procedural due process requirements" and mentions the contemporaneous objection requirement to obtain state appellate review and exculpatory evidence. While it is unclear what Petitioner is arguing, this appears to be a claim that was not raised in his original petition.

Ground Three objects to Petitioner's restraints during trial, which he alleges deprived him of the presumption of innocence. Petitioner did not bring this claim in his original petition.

Ground Four alleges there was overwhelming evidence Petitioner was elsewhere when the crime was committed by his co-defendant. This is a new claim.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15(a)(2), a "court should

freely give leave" to amend pleadings "when justice so requires."  The Court grants Petitioner leave to file the amended petition.

But, allowing Petitioner to amend his petition creates a "mixed petition" that contains both exhausted and unexhausted claims.  *Pliler v. Ford*, 542 U.S. 225, 227 (2004).  Where a petitioner files a "mixed petition," the general rule is that the Court must dismiss the petition.  *See Rhines v. Weber*, 544 U.S. 269, 273 (2005); *May v. Heimgartner*, 794 F. App'x 751, 755 (10th Cir. 2019) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

However, the rule of total exhaustion is not absolute, and the Court has three other options.  It may: (1) "stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims" (*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)); (2) "permit the petitioner to delete the unexhausted claims from his petition and proceed only on the exhausted claims" (*Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016)); or (3) "ignore the exhaustion requirement altogether and deny the entire petition on the merits if none of the petitioner's claims has any merit" (*Fairchild*, 579 F.3d at 1156).  A stay is only available in the limited circumstances where a petitioner had good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no suggestion the petitioner intentionally delayed pursuing the unexhausted claims.  *Rhines*, 544 U.S. at 278.

While Mr. Davis's petition is subject to dismissal because it includes unexhausted claims, the Court will give Petitioner an opportunity to respond to this Order.  If Petitioner can show that he did in fact exhaust his state court remedies for all claims he raises in his petition, he may proceed and Respondent will be directed to file an answer.  If Petitioner did not properly exhaust his state court remedies, he must show that he had good cause for failing to do so and resulting prejudice.  In the alternative, he could file an amended petition raising only the exhausted claims.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File for Amended Petition (ECF No. 12) is **granted**. The proposed amended petition attached to the motion shall be filed as the First Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **October 29, 2021**, to show cause as directed and to submit an amended petition without unexhausted claims, if he chooses to do so. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED: This 1st day of October, 2021, at Topeka, Kansas.**

                          **s/_Sam A. Crow_____**
                          **SAM A. CROW**
                          **U.S. Senior District Judge**