IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                  **Petitioner,**

    v.                                                            **CASE NO. 20-3269-SAC**

**DAN SCHNURR,**

                  **Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner's second amended petition for writ of habeas corpus (Doc. 15), and multiple pending motions (Docs. 16, 17, 18, 19, and 20). For the reasons stated below, the Court will allow Petitioner the opportunity to decide whether to pursue his unexhausted claim in state court and to inform the Court of his decision, which will determine the future of this matter. The Court also will deny each of the pending motions.

**Background**

Petitioner was convicted in state court in 1989 and sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while incarcerated, Petitioner punched a correctional officer in the eye. *State v. Davis*, 2019 WL 5090467, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County

District Court sentenced him to 65 months in prison. *Id.* at *2. Petitioner pursued a direct appeal, and the Kansas Court of Appeals (KCOA) affirmed his conviction on October 11, 2019. *Davis III*, 2019 WL 5090467. The Kansas Supreme Court (KSC) denied review on September 24, 2020.

**Initial Petition**

On October 29, 2020, Petitioner filed the petition for writ of habeas corpus that began the matter currently before the Court. (Doc. 1.) The initial petition contained four grounds for relief: a challenge to his 2017 conviction based on Kansas state law; the 2017 conviction was invalid because Petitioner was not legally "in custody" of the state at the time the battery occurred as required by K.S.A. 21-5413(c)(3)(A); and two challenges to the conditions of Petitioner's confinement.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition when it is filed and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court accordingly reviewed the petition and concluded that Ground 1 failed to state an actionable federal habeas claim because it alleged only a violation of state law. (Doc. 10, p. 2-3.) Similarly, Grounds Three and Four were challenges to the conditions of Petitioner's confinement, which must be presented in a civil rights complaint and are not proper grounds for habeas relief. (Doc. 10, p. 4.) Thus, these grounds were subject to dismissal.

Ground Two was not properly exhausted in state court. (Doc. 10, p. 3.) As a state prisoner, Petitioner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that make the available state process ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). In other words, habeas petitioners are ordinarily required to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). To satisfy this requirement, Petitioner must have presented the very issues now raised in the federal petition to the KCOA, either by way of direct appeal or by state post-conviction motion. Kansas Supreme Court Rule 8.03(B); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Although Petitioner pursued a direct appeal from the 2017 conviction, he did not properly raise the argument now set forth in Ground Two; he raised it only in a purported letter of additional authority filed with the KCOA. *Davis III*, 2019 WL 5090467, at *4. Because parties may not raise new arguments in a letter of additional authority, the KCOA refused to address the issue. *Id.* Accordingly, on April 8, 2021, this Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why the petition should not be summarily dismissed for the reasons stated above.

Petitioner filed a response, in which he did not address any of the deficiencies identified in the NOSC. (See Doc. 11; Doc. 13,

3

p. 2.) However, he also filed a motion for leave to file an amended petition, which the Court granted. (Docs. 12 and 13.)

**First Amended Petition**

The first amended petition was filed on October 1, 2021. (Doc. 14.) The Court reviewed the amended petition, as required under Rule 4, and found that Ground One reasserted the unexhausted claim that Petitioner was not in lawful custody at the time of the 2017 battery. (See Doc. 13.) Ground Two appeared to be a procedural due process argument based on state appellate review of evidentiary challenges. *Id.* Ground Three argued that Petitioner's restraints during trial deprived him of the presumption of innocence, and Ground Four argued that overwhelming evidence showed he did not commit the crime. *Id.*

Because Ground One was unexhausted, as the Court had already explained in the NOSC, but Grounds Two, Three, and Four appeared to be exhausted, the Court was faced with a "mixed petition"—one containing both exhausted and unexhausted claims. Generally, the Court must dismiss mixed petitions. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005); *May v. Heimgartner*, 794 F. Appx. 751, 755 (10th Cir. 2019). The dismissal requirement is not absolute, however; the Court has three additional options when faced with a mixed petition. First, the Court may "stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Second, the Court may "permit the petitioner to delete the unexhausted claims from his petition and proceed only on the exhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273

(10th Cir. 2016). And third, the Court may "ignore the exhaustion requirement altogether and deny the entire petition on the merits if none of the petitioner's claims has any merit." *Fairchild*, 579 F.3d at 1156.

On October 1, 2021, the Court issued a Memorandum and Order (M&O) explaining to Petitioner that his was a mixed petition, setting forth the potential options for dealing with mixed petitions, and allowing Petitioner an opportunity to respond. (Doc. 13.) The Court explained that Petitioner could (1) show that he had, in fact, exhausted state-court remedies on all claims in the amended petition; (2) show that he had good cause for failing to do so and that he suffered prejudice; or (3) file an amended petition raising only the exhausted claims. *Id.* at 4.

**Second Amended Petition**

On October 6, 2021, Petitioner filed his second amended petition, which is currently before the Court for the review required by Rule 4. (Doc. 15.) The grounds in the second amended petition and the supporting facts alleged for each ground are identical to those asserted in the first amended petition, except that the second amended petition refers the Court to attached exhibits A through C.[1] (Compare Doc. 14 and Doc. 15.)

For the reasons already explained to Petitioner in the NOSC

---

[1] Exhibit A is an order in which the KSC dismissed a petition by Petitioner "for failure to state a claim for a writ of mandamus or quo warranto." (Doc. 15-1, p. 1.) Exhibit B consists of the KCOA opinion affirming Petitioner's 2017 conviction, the KSC order denying his petition for review, the Butler County journal entry of judgment for the 2017 conviction, and an excerpt from the transcript of the 2017 jury trial. *Id.* at 2-34. Exhibit C is a 2003 KCOA opinion affirming the denial of a K.S.A. 60-1507 motion challenging his 1989 convictions.

5

and the M&O, Ground One is unexhausted. None of the additional information in or attached to the second amended petition alters the Court's prior conclusion on this point. Thus, as explained in the M&O, the Court must treat this matter as a mixed petition. It must either follow the general rule and dismiss the petition in its entirety or: (1) stay the petition and hold this matter in abeyance while Petitioner returns to state court to raise Ground One; (2) allow Petitioner to delete the unexhausted claim and proceed only on the exhausted ones; or (3) deny the petition in its entirety on the merits.

Petitioner has not asked the Court to stay this matter and hold it in abeyance so he may return to state court to raise his unexhausted claim. In addition, by filing his second amended petition and including Ground One, Petitioner has rejected the opportunity to delete his unexhausted claim and proceed in this matter only on his exhausted claims. And the Court declines to conclude that all of Petitioner's claims lack merit and deny the petition in its entirety on the merits.

The M&O informed Petitioner that if he failed to file a response or "submit an amended petition without unexhausted claims," he risked "the dismissal of this matter without additional prior notice." (Doc. 13, p. 5.) Petitioner chose to file an amended petition that continued to include an unexhausted claim, so the Court could simply dismiss this matter without prejudice. The Court wishes, however, to ensure that Petitioner understands the potential consequences of this matter being dismissed without prejudice, as it may affect his ability to obtain federal habeas

relief.

**Timing of State and Federal Habeas Actions**

This Court cannot provide legal advice to Petitioner, nor will it opine on the likelihood of his success in potential future state-court proceedings. However, it appears that Petitioner may have an avenue for relief left in state court. K.S.A. 60-1507(a) allows "[a] prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence" and K.S.A. 60-1507(b) authorizes a district court that "finds that the judgment was rendered without jurisdiction" to "vacate and set the judgment aside," among other things. Due to the KSC's administrative orders resulting from the COVID-19 pandemic, it appears that Petitioner may be able to file a timely motion for relief in state court under K.S.A. 60-1507.[2]

The current federal action, however, is not subject to the deadline suspensions ordered by the KSC. Rather, it is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Generally speaking, the time to file a federal habeas

---

[2] On May 1, 2020, while Petitioner's petition for review in his direct appeal was pending and the time in which he could file a K.S.A. 60-1507 motion had not yet begun, the KSC suspended "[a]ll statutes of limitations and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings." *See* KSC Administrative Order 2020-PR-047. The KSC reinstated the statute of limitations for filing a K.S.A. 60-1507 motion effective August 2, 2021. *See* KSC Administrative Order 2021-PR-100. The KSC has instructed that "for a deadline or time limitation that did not begin to run" because of the earlier suspension, "a person shall have the full period provided by law to comply with the deadline or time limitation." *See id.* Thus, it appears that Petitioner may, at this point, file a timely K.S.A. 60-1507 motion in state court.

petition pursuant to 28 U.S.C. § 2254 expires one year after the date on which direct review of the judgment concluded or the time for seeking such review expired. 28 U.S.C. § 2241(d)(1).[3]

The Kansas Supreme Court (KSC) denied review on September 24, 2020. Petitioner had 90 days to seek review by the United States Supreme Court by filing a petition for writ of certiorari, which he did not. *See* Sup. Ct. R. 13(1). Accordingly, his one-year limitation period for a federal habeas action began to run on approximately December 24, 2020, when the 90 days expired. *See United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) ("[I]f a prisoner does not file a petition for writ of certiorari . . ., the one-year limitation period begins to run when the time for filing certiorari petition expires."). It expired one year later, on December 24, 2021.

Petitioner has been pursuing the current federal habeas petition since October 29, 2020. But if the Court dismisses this matter without prejudice so that Petitioner may pursue state-court remedies on Ground One, any future federal habeas petition under 28 U.S.C. § 2254 would likely be barred as untimely. Thus, although the Court could dismiss this matter without prejudice as a mixed petition, doing so could effectively close the door on any future federal habeas relief.

Accordingly, the Court will allow Petitioner one final opportunity to inform the Court of the direction he wishes the

---

[3] Although there are provisions for tolling the deadline, those are not relevant for purposes of the present analysis. Suffice it to say that the pursuit of a federal habeas petition that is ultimately dismissed as a mixed petition does not toll the federal habeas filing deadline.

Court to take in this matter. On or before March 10, 2022, Petitioner must inform the Court, in writing, whether or not he wishes to pursue available state-court remedies for the claim he now asserts as Ground One, such as a motion for relief under K.S.A. 60-1507 or another type of state-court collateral action.

If Petitioner chooses to pursue state-court remedies on Ground One, he must provide the Court with a copy of the pleading initiating a state-court matter and he must provide the Court with the case number assigned by the state court. At that point, the Court will stay this federal matter pending resolution of the state-court proceedings. If Petitioner chooses *not* to pursue state-court remedies on Ground One but wishes to proceed in this federal habeas matter with his remaining three asserted grounds for relief,[4] he must file a third amended petition omitting Ground One but otherwise identical to the second amended petition. The Court does **not** grant leave for Petitioner to further amend the petition beyond removing Ground One.

If Petitioner fails to respond as directed to this order or if Petitioner attempts to file a third amended petition that contains an unexhausted ground for relief, the Court will dismiss this matter without prejudice as a mixed petition without further notice to Petitioner. As set forth above, this may severely restrict or foreclose Petitioner's ability to obtain federal habeas relief in the future.

**Pending Motions**

---

[4] As previously explained, Petitioner may not proceed on the merits of Ground One because of his failure to exhaust the claim in state court.

Petitioner also has several motions pending before the Court. The Court will address each in turn.

### "Objection, Notice, and Motion for a Hearing" (Doc. 16)

Petitioner seeks an order setting a hearing regarding a memorandum and order issued September 13, 2021 and to argue why the relief he seeks in this matter should not be granted. *Id.* No order was entered in this matter on September 13, 2021, and Petitioner is not entitled at this time to a response from Respondent as to why the relief he seeks should not be granted, since his second amended petition has not passed initial review under Rule 4 of the Rules Governing Section 2254 Case. Thus, this motion is denied.

### Motion for Appointment of Counsel (Doc. 17)

As Petitioner concedes, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the

prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). At this early stage in the proceedings, when it is yet unclear whether this matter will proceed, the Court concludes that it is not in the interest of justice to appoint counsel. The motion to appoint counsel is denied.

### "Motion to Respond to Order Granted Second Motion for Leave to File Amended Petition for Motion on Judgment on the Pleadings" (Doc. 18)

Liberally construing this motion, Petitioner seeks dispositive relief or, in the alternative, leave to further amend his petition. At the beginning of the motion, Petitioner cites Federal Rule of Civil Procedure 12, subsections (b)(6) and (7), (c), (d), (g), and (h)(3); Rule 56 of the Federal Rules of Civil Procedure; Rules 4 and 11 of the Rules Governing Section 2254 cases; and 28 U.S.C. § 2243. *Id.* First, to the extent that Petitioner seeks relief under Rule 12, his requests are misplaced.

By its plain language, Rule 12(b) governs the assertion of defenses to claims. Petitioner is the party asserting claims in this matter, not the party defending against such claims, so Rule 12(b) does not apply. Rule 12(c) governs motions for judgment on the pleadings and applies only "[a]fter the pleadings are closed." Since there has been no responsive pleading yet filed in this case, Rule 12(c) is similarly inapplicable. Rule 12(d) applies only to motions under Rule 12(b)(6) or 12(c); since Petitioner may not at this point bring such a motion, Rule 12(d) does not apply.

Rule 12(g) addresses when it is appropriate to join motions

11

made under Rule 12. Since Petitioner has not identified a Rule 12 motion that he may properly bring at this time, joinder of such motions is irrelevant. Finally, Rule (h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court has not determined that it lacks subject-matter jurisdiction.[5]

Petitioner also seeks summary judgment in this motion. (Doc. 18, p. 1.) A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Petitioner has not shown that he is entitled to judgment as a matter of law, so summary judgment is not appropriate at this time.

This motion also seems to imply that Petitioner wishes to further amend his petition. (See Doc. 18, p. 1 (seeking "to add[] claims and parties joined persons.") As the M&O pointed out, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave" to amend pleadings "when justice so requires." However, Local Rule 15.1(a)(2) requires Petitioner to attach the

---

[5] Any argument that Rule 12(h)(3) supports Petitioner's claim that Kansas state courts should have dismissed the criminal charge against him for lack of subject-matter jurisdiction fails because Kansas state courts are not bound by the federal rules of civil procedure. *See State v. Sullivan*, 307 Kan. 697, 707 (2018) ("Obviously, the federal rules do not govern a state-court trial.")

12

proposed amended petition to his motion to amend and Petitioner has not done so. *See* D. Kan. Rule 15.1(a)(2).

Moreover, the Court has already allowed Petitioner to amend his petition twice and neither amendment has cured or even substantively addressed Petitioner's failure to exhaust state-court remedies with respect to his "custody" claim, most recently articulated as Ground One. Whether to grant leave to amend under Rule 15(a)(2) is a decision left to this Court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). And where a party has failed in prior amendments to cure identified deficiencies, the Court may properly refuse to allow further amendments. *See Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Court exercises its discretion here to deny the motion to further amend the petition other than as articulated above with respect to deleting Ground One for relief.

Finally, Petitioner attached to this motion an affidavit, proposed interrogatories for Respondent, and the journal entry of judgment for his 1989 convictions. (Docs. 18-1, 18-2, and 18-3.) Discovery has not begun and the journal entry is irrelevant at the current time. Thus, the "Motion to Respond to Order Granted Second Motion for Leave to File Amended Petition for Motion on Judgment on the Pleadings Rule 12[e]" (Doc. 18) is denied.

13

**"Notice and Motion for an Evidentiary Hearing Respondent Show Cause Fed. R. Civ. P. 6[b], Enlargement" (Doc. 19)**

Petitioner asks the Court to expand the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts and to order the Respondent to file an answer to the petition under Rule 4 of the same. Rule 7 provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 4 states that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take any other action the judge may order."

This matter remains in the initial screening phase required by Rule 4 and, as such, it is undetermined which, if any, of Petitioner's grounds for relief will require an answer or be examined on their merits. Court concludes it would be premature at this point to expand the record or direct an answer from Respondent. The motion is denied.

**"Motion Request for a Narrative Summary of the Evidences [*sic*]" (Doc. 20)**

It is difficult to discern what Petitioner seeks through this final motion. He refers to the required contents of an answer to a habeas corpus petition, but no answer has been ordered. He appears to request additions to the record, but, as explained above, there is no need to enlarge the record at this time. Petitioner refers to Eighth and Fourteenth Amendment rights involving conditions of confinement, but as explained in the NOSC, such conditions-of-confinement claims are not proper in a habeas

corpus petition. Petitioner again requests counsel and an evidentiary hearing, which have been addressed above, and he appears to argue the merits of his current Ground One for relief, asserting that he is being held beyond the term of his imprisonment. Even liberally construing the motion, as is appropriate because Petitioner proceeds pro se, this motion does not persuasively request any relief from this Court. Thus, it is denied.

**Conclusion**

In summary, the second amended petition does not establish that Petitioner exhausted his state-court remedies with respect to Ground One of the second amended petition. Because the second amended petition contains both exhausted and unexhausted claims, it is a mixed petition. Petitioner has declined to submit an amended petition presenting only the unexhausted claims, and he has failed to show good cause for his failure to exhaust his state-court remedies regarding Ground One. But because the statute of limitations for filing federal habeas actions such as this appears to have run, the Court is disinclined to simply dismiss this matter without prejudice so that Petitioner may exhaust his remedies in state court.

Thus, the Court orders Petitioner to inform the Court, in writing, on or before March 10, 2022, whether he intends to pursue state-court relief on Ground One. If Petitioner chooses to pursue state-court remedies on Ground One, he must provide the Court with a copy of the pleading initiating a state-court matter and he must provide the Court with the case number assigned by the state court.

If Petitioner chooses not to pursue state-court remedies on Ground One but wishes to proceed in this federal habeas matter, he may file a third amended petition on or before March 10, 2022 omitting Ground One but remaining otherwise identical to the second amended petition. The Court does **not** grant leave for Petitioner to further amend the petition beyond removing Ground One.

If Petitioner fails to respond as directed to this order, the Court will dismiss this matter without prejudice as a mixed petition without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Hearing (Doc. 16), Motion to Appoint Counsel (Doc. 17), "Motion to Respond to Order Granted Second Motion for Leave to File Amended Petition for Motion on Judgment on the Pleadings" (Doc. 18), Motion for an Evidentiary Hearing (Doc. 19), and Motion for a Narrative Summary of the Evidence (Doc. 20), are **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **March 10, 2022,** in which to provide the Court, in writing, with the information and documents requested in this order regarding additional pursuit of state-court remedies. In the alternative, Petitioner is granted until and including **March 10, 2022,** to file a third amended petition deleting what is currently identified as Ground One for relief. No other amendments to the current petition are authorized. The failure to comply with this order will result in this matter being dismissed without further notice.

**IT IS SO ORDERED.**

DATED:  This 11th day of January, 2022, at Topeka, Kansas.

                                        <u>S/ Sam A. Crow</u>
                                        SAM A. CROW
                                        U.S. Senior District Judge