IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                    Petitioner,

          v.                              CASE NO. 20-3269-SAC

DAN SCHNURR,

                    Respondent.


**MEMORANDUM AND ORDER TO SHOW CAUSE**

       This matter comes before the Court on Petitioner's Motion for
Leave to File Third Amended Petition for Writ of Habeas Corpus
(Doc. 22). As explained below, the Court will grant the motion and
will order the attached proposed third amended petition filed in
this case. In reviewing the proposed third amended petition,
however, the Court finds Ground One has been abandoned by
Petitioner, further finds Grounds Two and Four should be dismissed,
and orders Respondent to show cause why the writ should not be
granted as to Ground Three.

**Background**

       Petitioner was convicted in state court in 1989 and sentenced
to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566,
567 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct.
App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev.
dismissed* Feb. 2021. In 2017, a jury convicted him of battery of
a law enforcement officer based on a 2016 incident in which he
punched a correctional officer and in 2018, the Butler County

1

District Court sentenced him to 65 months in prison. *State v. Davis*, 2019 WL 5090467, at *1-2 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) affirmed his conviction on October 11, 2019. *Davis III*, 2019 WL 5090467. The Kansas Supreme Court (KSC) denied review on September 24, 2020.

On October 29, 2020, Petitioner filed the petition for writ of habeas corpus that began the matter currently before the Court. (Doc. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition when it is filed and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court accordingly reviewed the petition and concluded that Ground Two was not properly exhausted in state court and Grounds 1, 3, and 4 were subject to dismissal. (Doc. 10, p. 1-4.) On April 8, 2021, this Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why the petition should not be summarily dismissed for the reasons stated above. Petitioner filed a response and a motion for leave to file an amended petition, which the Court granted. (Docs. 11, 12, and 13.)

The first amended petition was filed on October 1, 2021. (Doc. 14.) The Court reviewed it as required by Rule 4, and found that Ground One reasserted the unexhausted claim. (See Doc. 13.) Ground Two appeared to be a procedural due process argument based on state

2

appellate review of evidentiary challenges. *Id.* Ground Three argued that Petitioner's restraints during trial deprived him of the presumption of innocence and Ground Four argued that overwhelming evidence showed he did not commit the crime. *Id.*

Because Ground One was unexhausted but Grounds Two, Three, and Four of appeared to be exhausted, the Court was faced with a "mixed petition"—one containing both exhausted and unexhausted claims. Generally, the Court must dismiss mixed petitions, although other options are also available. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005); *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016); *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009); *May v. Heimgartner*, 794 Fed. Appx. 751, 755 (10th Cir. 2019). On October 1, 2021, the Court issued a Memorandum and Order (M&O) explaining to Petitioner that his was a mixed petition, setting forth the potential options for dealing with mixed petitions, and allowing Petitioner an opportunity to respond. (Doc. 13.)

On October 6, 2021, Petitioner filed his second amended petition, which the Court reviewed as required by Rule 4. (Doc. 15.) The grounds in the second amended petition and the supporting facts alleged for each ground were identical to those asserted in the first amended petition, except that the second amended petition included additional attached exhibits A through C.[1] (Compare Doc.

---

[1] Exhibit A is an order in which the KSC dismissed a petition by Petitioner "for failure to state a claim for a writ of mandamus or quo warranto." (Doc. 15-1, p. 1.) Exhibit B consists of the KCOA opinion affirming Petitioner's 2017 conviction, the KSC order denying his petition for review, the Butler County journal entry of judgment for the 2017 conviction, and an excerpt from the transcript of the 2017 jury trial. *Id.* at 2-34. Exhibit C is a 2003 KCOA opinion affirming the denial of a K.S.A. 60-1507 motion challenging his 1989

14 and Doc. 15.) None of the additional information in or attached to the second amended petition altered the Court's prior conclusion that Ground One was unexhausted and this matter presented a mixed petition.

In an order issued January 11, 2022, the Court noted that because Petitioner chose to file an amended petition that continued to include an unexhausted claim, the Court could simply dismiss this matter without prejudice. (Doc. 21.) But in an effort to ensure that Petitioner understands how a dismissal without prejudice could affect his ability to obtain federal habeas relief, the Court instead issued a Memorandum and Order to Show Cause (MOSC) explaining the consequences of dismissal.

The MOSC allowed Petitioner a final opportunity to inform the Court of the direction he wishes the Court to take. It directed Petitioner to inform the Court, in writing, whether or not he wishes to pursue available state-court remedies for the claim he now asserts as Ground One. The Court set forth what Petitioner should do if he chose to pursue state-court remedies on Ground One and what to do if he chose not to pursue state-court remedies on Ground One but wishes to proceed in this federal habeas matter with his remaining three asserted grounds for relief. Finally, the Court cautioned Petitioner that if he failed to respond as directed or if Petitioner attempted to file a third amended petition that contains an unexhausted ground for relief, the Court would dismiss this matter without prejudice as a mixed petition without further

---

convictions.

notice to Petitioner. On January 16, 2022, Petitioner filed a Motion for Leave to File Third Amended Petition for Writ of Habeas Corpus. (Doc. 22.) Attached to the motion is a proposed third amended petition. (Doc. 22-1.)

**Analysis**

The Court grants the motion and directs that the proposed third amended petition attached to the motion shall be filed as the Third Amended Petition. The first question before the Court is whether Petitioner complied with the MOSC's directions regarding the unexhausted claim previously presented as Ground One. A review of the third amended petition leads the Court to conclude that Petitioner wishes to delete the unexhausted claim and proceed only on the remaining three asserted grounds for relief.

Petitioner's motion seeks leave "to amend and to petition the court to delete and remove ground one." (Doc. 22, p. 1.) The Court granted permission for Petitioner to do so in its prior order. But instead of submitting a proposed amended petition that included no reference to the unexhausted claim, the portion of the third amended petition dedicated to explaining Ground One states:

> This Pro Se Petition contains both exhausted and this 'unexhausted' claims is an mixed petition. id. Was! and is in good faith. Comes The Petitioner, now moves the Court to file a third amended petition 'deleting' what is currently identified as [Ground One] for relief. See eg., Exhibit [A] Accompanying this Petition. If discovery is relevant to journal entry, here Petitioner inform the Court, 'In writing,' timely that he do not intend to pursue state-court relief on Ground One. Exhibit [A]. id. Pursuant to 'K.S.A. 60-1507[f][2] Toll the times.' Is 'deleted' for discovery, with all of ground one… … TERMINATION.

(Doc. 22-1, p. 6.)(Ellipses and errors in original.)

In the section of the third amended petition where Petitioner is directed to explain any failure to exhaust state remedies on Ground One, Petitioner wrote:

> Suffice 'I don't know,' here it is deleted from the pleadings by Amendment. Terminated the id., Issue is requested. Upon the Court's execution of the LAW. For under both judgments, *Peyton v. Rowe*, 391 U.S. 84 [1968] Not only imposing first sentence.

*Id.*

The Court construes pro se "pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court may not, however, act as an advocate for Petitioner. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). In light of the Court's repeated explanation to Petitioner that this matter cannot go forward as long as Ground One is included in the petition, the Court liberally construes the statements in the proposed third amended petition that are quoted above to indicate that Petitioner wishes to delete what was previously articulated as Ground One for relief.

This construction means that the matter may go forward and the Court need not dismiss this matter as mixed petition. The Court nevertheless must follow Rule 4 of the Rules Governing Section 2254 in the United States District Courts, which requires the Court to review the third amended petition and dismiss it or any part thereof that "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court." 28 U.S.C.A. foll. § 2254.

**Ground Two**

The grounds for relief Petitioner asserts in Ground Two are also difficult to understand. He claims a violation of his Fourteenth Amendment constitutional right to due process and his "fundamental right too her [*sic*] liberty." (Doc. 22-1, p. 7.) In the portion of the form provided for the facts that support this ground for relief, Petitioner has written:

> Filed on June 13, 2019, Located, See Record: Kansas Appellate Courts, No. 119921. 'R.O.A.' April 19th 2019. Brief Pro Se Supplemental Brief, Appendix, Exhibit II, III, iv., The State's deprivation alleged in the district court satisfies the states statute required a contemporaneous 'objection' to this admission of evidence. To obtain state appellate review, deprivation I [alleged] is sufficient to establish a liberty interest protected by the United States Due Process Clause. Defendant Anthony Davis #6598 exculpatory evidences. Objection: See e.g., Exhibit [B] Accompanying.

(Doc. 22-1, p. 7.)

Even liberally construing this language, the Court cannot discern the facts on which Petitioner bases his claim for relief in Ground Two.[2] The Court also notes that this explanation of

---

[2] In addition, although Petitioner asserts that he raised the argument in his direct appeal, the Kansas Court of Appeals opinion in his direct appeal reflects only two issues: "the district court erred by (1) denying his motion for mistrial [due to clanging chains and an officer escort during trial] and (2) denying his motion to dismiss under the Uniform Mandatory Disposition of Detainers Act (UMDDA)." *See Davis III*, 2019 WL 5090467, at *1-2. Thus, even further investigation does not reveal a basis for Ground Two. The Court does not have access to the state-court record on appeal, which Petitioner appears to cite, and a petition may not incorporate factual assertions only by reference. Rather, a petition must be complete in and of itself.

Ground Two has remained unchanged since the first amended petition. After the Court conducted its Rule 4 review of the first amended petition, it informed Petitioner that "it is unclear what Petitioner is arguing" in Ground Two. (Doc. 13, p. 3.) Despite this, Petitioner has not amended that portion of his pleading. As pointed out to Petitioner in the MOSC, "where a party has failed in prior amendments to cure identified deficiencies, the Court may properly refuse to allow further amendments." *See Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Thus, Ground Two will be dismissed for failure to state a claim upon which relief could be granted.

### Ground Four

In Ground Four, Petitioner refers the Court back to the direct appeal from his 1989 convictions and attempts to raise a challenge to those convictions. (Doc. 22-1, p. 10.) Petitioner has already attempted multiple times to obtain habeas relief from those convictions and has been informed that "this Court lacks jurisdiction over his second and successive § 2254 claims." *Davis v. Brownback*, 2015 WL 12912369, *1 (D. Kan. 2015). Thus, Ground Four will be dismissed for lack of jurisdiction.

### Conclusion

The Court will grant Petitioner's motion to file a third amended petition and the proposed petition attached to the motion will be filed as the third amended petition. After review of the

third amended petition, however, the Court concludes, as explained above, that the only surviving asserted ground for relief is Ground Three. Ground One does not contain asserted grounds for relief; it merely memorializes Petitioner's wish to delete the claim previously asserted as Ground One. Ground Two will be dismissed for failure to state a claim for relief . Ground Four will be dismissed for lack of jurisdiction.

With respect to Ground Three, the Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion for Leave to File Third Amended Petition (Doc. 22) is **granted.**

2. The proposed third amended petition attached to the motion (Doc. 22-1) shall be filed in this case as the Third Amended Petition.

3. Ground Two of the third amended petition is **dismissed** for failure to state a claim.

4. Ground Four of the third amended petition is **dismissed** for lack of jurisdiction.

5. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ

should not be granted.

6. That the response should present:

    a. The necessity for an evidentiary hearing on Ground Three as alleged in Petitioner's pleading; and

    b. An analysis of Ground Three and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the following:

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

7. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

8. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

9. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 3rd day of February, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge