IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                **Petitioner,**

     v.                                         CASE NO. 20-3269-SAC

**DAN SCHNURR,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's motion "for order compelling disclosure and discovery and appointment of counsel." (Doc. 28.) For the reasons stated below, the Court will deny the motion without prejudice.

**Background**

In this matter, Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 from his 2017 state-court conviction and sentence for battery of a law enforcement officer. The battery occurred while Petitioner was incarcerated on a 1989 state-court conviction and sentence. This matter proceeds on Petitioner's third amended petition (Doc. 24); Respondent's answer and return is due on or before May 6, 2022. On March 31, 2022, Petitioner filed a "motion for leave for order compelling disclosure and discovery and appointment of counsel pursuant to Federal Rules 6.[a]. Section 2254[a][h] of Title 28." (Doc. 28.)

**Discussion**

The Federal Rules of Civil Procedure that govern pretrial discovery do not control discovery in habeas corpus cases unless

the Court so orders. *See* Fed. R. Civ. P. 81(a)(4)(A); *Harris v. Nelson*, 394 U.S. 286, 289-90 (1969). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1977)). Under Habeas Rule 6, the Court may permit discovery if Petitioner shows "good cause" and, "if necessary for effective discovery, the judge must appoint an attorney for a petitioner" who is financially unable to retain counsel. Although Petitioner acknowledges that he must show good cause for discovery, the Court finds that he has not done so.

The sole remaining ground for relief in this matter is the claim that the way in which Petitioner was restrained during his trial testimony and the clanking of those restraints deprived Petitioner of the presumption of innocence. (Doc. 24, p. 9; see also Doc. 23.) But the proposed discovery requests attached to Petitioner's motion do not appear related to that issue. Instead, they seek information and documents related to (1) Petitioner's 1989 trial and conviction, (2) the events that led to the 2017 conviction, (3) prison policies and procedures that may relate to those events, (4) prison staff employment history and job duties, and (5) prison staff interactions with inmates. (Docs. 28-1 and 28-2.) Petitioner has not explained how this information is relevant to determine whether the clanking of his restraints at trial violated his constitutional rights.

Moreover, "[g]enerally speaking, federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits." *Simpson v. Carpenter*, 912

F.3d 542, 575 (10th Cir. 2018) (internal quotation marks and citations omitted). Petitioner has not shown good cause why this Court should allow additional discovery into facts that were not before the state court at the time it adjudicated his claim on the merits. Because Petitioner has not shown good cause for discovery, the Court concludes that appointing counsel to ensure effective discovery is unnecessary at this time. Therefore, the appointment of counsel to assist with discovery is also unnecessary.

As explained to Petitioner in the order denying his prior motion to appoint counsel, he has no independent constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court concludes that it is not in the interest of justice to appoint counsel at this time. If this matter develops in a way that requires counsel to be appointed, the Court may do so at a

later date. For example, if discovery is authorized in this matter or the Court orders an evidentiary hearing, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rules 6 and 8, 28 U.S.C.A. foll. § 2254. At this time, however, Petitioner's request for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that Petitioner's "motion for leave for order compelling disclosure and discovery and appointment of counsel" (Doc. 28), is **denied.**

**IT IS SO ORDERED.**

DATED:  This 11th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge