**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY LEROY DAVIS,**

                        **Petitioner,**

        **v.**                                    **CASE NO. 20-3269-SAC**

**DAN SCHNURR,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's "Notice of Motion for Leave to File Reconsideration Rule 59[e]" (Doc. 30) and Petitioner's "Motion Notice of a Hearing" (Doc. 32). For the reasons stated below, the Court will deny both motions.

**"Notice of Motion for Leave to File Reconsideration Rule 59[e]" (Doc. 30)**

In this motion, Petitioner objects to the Court's April 11, 2022 denial of his motion for disclosure and discovery and appointment of counsel. In support of his request for reconsideration, Petitioner cites Federal Rules of Civil Procedure 26(c)(2), 46, 59(e), and 72(a). (Doc. 30.) None of these rules are controlling legal authority.

Rule 26(c)(2) concerns the Court's authority to order discovery "[i]f a motion for a protective order is wholly or partly denied." As explained to Petitioner in the prior order, however, "[t]he Federal Rules of Civil Procedure that govern pretrial discovery do not control discovery in habeas corpus cases unless the Court so orders." (Doc. 29, p. 1-2 (citing Fed. R. Civ. P.

81(a)(4)(A)).) Because the Court has not so ordered here, Rule 26 is inapplicable.

Rule 46 states that "[a] formal exception to a ruling or order is unnecessary." Thus, it does not provide legal authority for Petitioner's objection. Rule 59(e) sets forth when a motion to alter or amend a judgment must be filed. But no judgment has been filed in this case, so Rule 59(e) also is inapplicable.

Finally, Rule 72(a) concerns situations when a non-dispositive pretrial motion is referred to a magistrate judge for decision and the procedure for parties who wish to object to a magistrate judge's order. The order in question in this case was never referred to a magistrate judge, so Rule 72(a) has no bearing here.

Local Rule 7.3(b) governs the reconsideration of non-dispositive orders such as the one Petitioner asks this Court to reconsider. It states that "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." See D. Kan. Rule 7.3.

In his motion, Petitioner asserts that his request is made in good faith, that the Court's order was arbitrary, and that counsel is necessary to help him prove the facts of his case. He also directs the Court to *Harris v. Nelson*, 394 U.S. 286, 399 n.7 (1969), for an explanation of the necessity of discovery in habeas proceedings to prevent a fundamental miscarriage of justice.

The Court has carefully reviewed the cited footnote in *Harris* and considered Petitioner's arguments, but concludes that Petitioner's arguments do not meet the standard for reconsideration set by Local Rule 7.3. Nor does Petitioner present any compelling

reason for the Court to change its prior decision to deny Petitioner's requests for discovery and appointment of counsel. Accordingly, the motion to reconsider (Doc. 30) is denied.

**"Motion Notice of a Hearing" (Doc. 32)**

Petitioner has also filed a document titled "Motion Notice of a Hearing" (Doc. 32) that purports to give notice of a hearing to occur on May 6, 2022 in this matter. The Court finds there is no need for a hearing at this time. As the Court noted in its previous order, the sole remaining ground for relief in this matter is the claim that the way in which Petitioner was restrained during his trial testimony and the clanking of those restraints deprived Petitioner of the presumption of innocence. (Doc. 24, p. 9; see also Doc. 23.) Respondent's answer and return is due May 6, 2022, after which Petitioner will have the opportunity to file a traverse responding to the answer and return. The Court sees no need at this time to hold a hearing and thus will deny the motion. No hearing in this matter will occur on May 6, 2022.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Doc. 30) and his motion for hearing (Doc. 32) are **denied.**

**IT IS SO ORDERED.**

DATED:  This 19th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge