IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                    Petitioner,

          v.                                    CASE NO. 20-3269-SAC

DAN SCHNURR,

                    Respondent.


MEMORANDUM AND ORDER


     This matter is a federal habeas proceeding under 28 U.S.C. §
2254. Petitioner proceeds pro se. The matter comes before the Court
on Petitioner's "Motion Demanding a Trial by Jury," brought under
Federal Rule of Civil Procedure 38(b)[1]. (Doc. 38.)

     "When a jury trial has been demanded under Rule 38, the . . .
trial on all issues so demanded must be by jury unless: . . . the
court, on motion or on its own, finds that on some or all of those
issues there is no federal right to a jury trial." Fed. R. Civ. P.
39(a). Federal statutes governing applications for writs of habeas
corpus state that "[t]he court shall summarily hear and determine
the facts, and dispose of the matter as law and justice require."
28 U.S.C. § 2243. Petitioner has no federal right to a jury trial
in this matter. *See Jefferson v. Jenkins*, 2019 WL 1968055, *1 (E.D.
N.C. 2019) (unpublished) (holding there is no federal right to a
jury trial in proceedings brought under 28 U.S.C. § 2254); *Miller*

---

[1] Petitioner also cites 28 U.S.C. § 1874, which by its plain language applies to
actions to recover annexed forfeitures, and Wyoming Revised Statute Annotated
(1931) 89-1329, neither of which are relevant in this federal habeas corpus
action.

*v. Nohe*, 2018 WL 1513910, *1 (S.D. W. Va. 2018) (unpublished) (same); *Richard v. Norris*, 2009 WL 2462387, *6 (E.D. Ark. 2009) (unpublished) (same).

**IT IS THEREFORE ORDERED** that Petitioner's motion for jury trial (Doc. 38) is **denied.**

**IT IS SO ORDERED.**

DATED:  This 13th day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge