IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                    Petitioner,

          v.                                    CASE NO. 20-3269-SAC

DAN SCHNURR,

                    Respondent.


MEMORANDUM AND ORDER


     This matter is a pro se petition for writ of habeas corpus
filed pursuant to 28 U.S.C. § 2254. Proceeding pro se, Petitioner
Anthony Leroy Davis challenges his state-court conviction of
battery of a law enforcement officer. Having considered
Petitioner's claims, together with the state-court record and
relevant legal precedent, the Court concludes that Petitioner is
not entitled to federal habeas corpus relief and denies the
petition.

     Before addressing the merits of the petition, the Court will
address the "Notice and Request Leave of Court for Discovery and
Evidentiary Hearing Habeas Corpus Rule 6" that Petitioner filed
contemporaneously with his traverse. (Doc. 44.) This document and
attachments (1) request documents filed in the Kansas Court of
Appeals (KCOA), (2) seek to conduct discovery, (3) seek appointment
of counsel, (4) give notice of an evidentiary hearing, and (5) ask

1

the Court to reconsider issuing a protective order. (Docs. 44 and

44-1.)

As the Court has previously explained to Petitioner:

"The Federal Rules of Civil Procedure that govern
pretrial discovery do not control discovery in habeas
corpus cases unless the Court so orders. *See* Fed. R.
Civ. P. 81(a)(4)(A); *Harris v. Nelson*, 394 U.S. 286,
289-90 (1969). 'A habeas petitioner, unlike the usual
civil litigant in federal court, is not entitled to
discovery as a matter of ordinary course.' *Curtis v.
Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting
*Bracy v. Gramley*, 520 U.S. 899, 904 (1977)). Under Habeas
Rule 6, the Court may permit discovery if Petitioner
shows 'good cause' and, 'if necessary for effective
discovery, the judge must appoint an attorney for a
petitioner' who is financially unable to retain
counsel."

(Doc. 29, p. 1-2.)

"Generally speaking, federal habeas review is limited to the

record that was before the state court that adjudicated the claim

on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir.

2018) (internal quotation marks and citations omitted). Petitioner

has not shown good cause for discovery into facts that were not

before the state court at the time it adjudicated his claim on the

merits. The Court sees no reason to prolong this matter to conduct

discovery and declines to do so. Accordingly, Petitioner's request

for an evidentiary hearing is denied and no evidentiary hearing

will occur in this matter.

As also previously explained to Petitioner, he has no

independent constitutional right to counsel in a federal habeas

2

corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). (See Doc. 29.) Petitioner bears the burden to convince the Court that there is sufficient reason to appoint counsel. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court concludes that it would not serve the interest of justice to appoint counsel at this time and thus declines to do so. Liberally construing the "Notice and Request Leave of Court for Discovery and Evidentiary Hearing Habeas Corpus Rule 6" (Doc. 40) as a motion for discovery, an evidentiary hearing, and appointment of counsel, it is denied.

## Nature of the Petition

Petitioner seeks relief from his conviction of battery of a law enforcement officer, alleging that the restraints used on him during his trial testimony violated his constitutional right to a presumption of innocence.

## Factual and Procedural Background

Petitioner was convicted in state court in 1989 and sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence at El Dorado Correctional Facility (EDCF), he punched a correctional officer in the eye, which led to the state charging him with battery of a law enforcement officer. *State v. Davis*,

3

2019 WL 5090467, at *1-2 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020.

At his 2017 trial on the charge, Petitioner testified on his own behalf; "a uniformed EDCF officer escorted him to the stand and sat behind him." *Davis III*, 2019 WL 5090467, at *2. Petitioner "testified that he was an inmate at EDCF and even stated that he had 'been in prison a long time.'" *Id.* At least three other witnesses also testified that Petitioner was an inmate at EDCF. *Id.* at *1-2.

"At some point during the trial—it is unclear exactly when from the record—an EDCF officer clanged [Petitioner's] transport chains on a chair while a witness was testifying." *Id.* at *2. Although Petitioner did not timely object to the officer escort or object when the chain clanged, he later moved for a mistrial based on "the chain clanging and the EDCF officer escort." *Id.* The district court denied the motion. *Id.*

The jury convicted Petitioner and in 2018, the state district court sentenced him to 65 months in prison. *Id.* at *2. Petitioner pursued a direct appeal and the Kansas Court of Appeals affirmed his conviction on October 11, 2019. In doing so, the Kansas Court of Appeals rejected Petitioner's argument that "the clanging of the chains and the EDCF officer escort to the witness stand infringed on his presumption of innocence." *Id.* at *2-3. The Kansas Supreme Court denied review on September 24, 2020.

On October 29, 2020, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court conducted the initial screening of the petition required by Rule 4 of the Rules Governing § 2254 Cases, after which Petitioner filed an amended petition (Doc. 14), a second amended petition (Doc. 15), and the operative third amended petition (Doc. 24). Liberally construing the third amended petition, as is appropriate since Petitioner proceeds pro se, the sole surviving claim is that Petitioner's constitutional right to a presumption of innocence was violated by the combined effect of the officer escort during his testimony and the EDCF officer clanging his transport chains during another witness' testimony.[1] Respondent filed his answer on June 1, 2022 (Doc. 42) and Petitioner filed his traverse on June 9, 2022 (Doc. 43).

## Standard of Review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[1] In an order issued on February 3, 2022, the Court dismissed Ground One of the operative third amended petition on the understanding that Petitioner wished to delete it as a nonexhausted claim and proceed on the remaining grounds. (Doc. 23, p. 6.) In the same order, the Court dismissed Ground Two because it failed to state a claim upon which relief may be granted, and dismissed Ground Four for lack of jurisdiction because it attempted to challenge Petitioner's 1989 convictions, regarding which he has already attempted multiple times to obtain federal habeas relief. *Id.* at 7-8.

States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

The Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state-court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

### Discussion

As noted above, the sole remaining ground for relief in this matter is Petitioner's argument that the clanging of restraints at his trial, considered alongside the officer escort during his testimony, unconstitutionally deprived him of the presumption that he was innocent of the crime charged. (See Doc. 24, p. 9.)

"The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. The presumption of innocence,

6

although not articulated in the Constitution, is a basic component

of a fair trial under our system of criminal justice." *Estelle v.*

*Williams*, 425 U.S. 501, 503 (1976). In 2005, the United States

Supreme Court addressed the constitutionality of physically

restraining a criminal defendant within sight of the jury:

> "The Fifth and Fourteenth Amendments prohibit the
> use of physical restraints visible to the jury absent a
> trial court determination, in the exercise of its
> discretion, that they are justified by a state interest
> specific to a particular trial. Such a determination may
> of course take into account the factors that courts have
> traditionally relied on in gauging potential security
> problems and the risk of escape at trial."

*Deck v. Missouri*, 544 U.S. 622, 629 (2005).

Similarly, the Tenth Circuit held that "requiring a defendant

in a criminal trial to wear a visible stun belt, like restraining

him with visible shackles, may erode a defendant's constitutional

presumption of innocence." *United States v. Wardell*, 591 F.3d 1279,

1293-94 (10th Cir. 2009). But even when a defendant is visibly

restrained during a jury trial, a court "should not 'presume

prejudice' when there is no evidence that the jury noticed the

[restraints]." *Id.* at 1294 (quoting *United States v. McKissick*,

204 F.3d 1282, 1299 (10th Cir. 2000)).[2]

---

[2] Other United States Courts of Appeals have held the same. *See, e.g., Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994)(holding that any error in handcuffing and shackling a defendant was harmless where "[t]he jury knew [the defendant] was an inmate and convicted felon and could have assumed that all inmates were tired in handcuffs and shackles"); *Tamaz v. Rick Thaler*, 344 Fed. Appx. 897, 899 (5th Cir. 2009) ("Any error by the state trial court in having [the defendant] shackled during trial was harmless. The jury knew that [he] was a prisoner accused of committing a crime in prison. Additionally, the evidence against [him] was overwhelming.").

The matter presently before the Court differs in that Petitioner was not required to wear restraints in front of the jury. Rather, the restraints he wore outside the jury's view were apparently mishandled while the jury was present, resulting in a clanging noise.

The Kansas Court of Appeals analyzed Petitioner's presumption of innocence argument as follows:

> "Davis also argues that the chain clanging and the officer escort deprived him of his presumption of innocence. K.S.A. 2018 Supp. 21-5108(b) provides that a 'defendant is presumed to be innocent until proven guilty.' But as discussed above, Davis' custodial status was already known to the jury—based on the nature of the charge and evidence introduced at trial—before the chain clanging incident or the officer escorting Davis to the witness stand. Moreover, the district court instructed the jury to recognize Davis' presumption of innocence. Appellate courts presume that juries follow the instructions given by the district courts. *State v. Sisson*, 302 Kan. 123, 131, 351 P.3d 1235 (2015)."

*Davis III*, 2019 WL 5090467, at *3.

Even liberally construing the third amended petition and Petitioner's traverse[3], Petitioner has not asserted that the KCOA's ruling on his presumption-of-innocence claim "was based on an

---

[3] Petitioner's traverse is largely unintelligible and the relevance to this action of the statements therein is questionable, at best. (Doc. 43.) In the traverse, Petitioner refers to filings that do not exist (see page 1, referring to an "October 29, 2020 Answer and return" but that is the date on which Petitioner initiated this action), legal topics that are not relevant to this habeas action (see page 1, discussing "effectuation of service," and page 2, referring to liberty interests, collateral estoppel, and laches), and misrepresents events in this action (see page 2, referring to "Respondent's answer and return [pass the dead-line]," (brackets in original) which appears to allege that the Answer and Return was untimely filed). To the extent that Petitioner's traverse can be liberally construed to generally object to the Answer, the Court has done so.

unreasonable determination of facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d)(2). Moreover, a review of the state-court records, along with the filings made in this action and the relevant law, does not lead to the conclusion that the KCOA decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

First, the Court has found no "clearly established Federal law, as determined by the Supreme Court of the United States," that addresses the constitutional implications of a situation in which restraints not in use made noise in front of a jury. Even in case in which the defendant is actually restrained, however, there must be prejudice before a petitioner may receive federal habeas relief. In this matter, nothing suggest that the jury took notice of the noise or otherwise associated the noise with Petitioner, much less that the noise prejudiced Petitioner.

Similarly, with respect to the officer escort during his testimony, Petitioner has not demonstrated an entitlement to federal habeas relief. In *Holbrook v. Flynn*, 475 U.S. 560, 562 (1986), the United States Supreme Court reviewed a federal habeas challenge brought by a state prisoner who alleged that his constitutional right to a fair trial was violated when four uniformed state troopers sat in the front row of the spectators' section during the trial to provide additional security. After

holding that "the conspicuous . . . deployment of security personnel in a court room during trial" is not inherently prejudicial in the same way as shackling a defendant, the Supreme Court emphasized the "restrained" nature of federal habeas review of a state-court proceeding. 475 U.S. at 568-69, 572. It explained:

> "All a federal court may do in such a situation is look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to [the] defendant's right to a fair trial; if the challenged practice is not inherently prejudicial and if the defendant fails to show actual prejudice, the inquiry is over."

*Id.* at 572.

In Petitioner's situation, an officer escorting a current inmate to the stand for his testimony and remaining close by is not so inherently prejudicial that it undermined the right to a fair trial. The KCOA's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). The KCOA applied the correct legal standards and this Court has no grounds to disturb its decision.

## Conclusion

In summary, the KCOA applied the correct legal standards and reasonably determined the facts in the light of the evidence presented to it. Petitioner is not entitled to federal habeas

corpus relief and the petition will be denied.

Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Having considered the record, the Court finds petitioner has not made a substantial showing of constitutional error in the state courts and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the "Notice and Request Leave of Court for Discovery and Evidentiary Hearing Habeas Corpus Rule 6" (Doc. 40) is construed as a motion for discovery, an evidentiary hearing, and appointment of counsel, and is **denied.**

**IT IS FURTHER ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 13th day of June, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW

11

12

U.S. Senior District Judge

12