IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

           **Petitioner,**

v.                                                                                           **CASE NO. 20-3269-SAC**

**DAN SCHNURR,**

           **Respondent.**

## MEMORANDUM AND ORDER

Proceeding pro se, Petitioner Anthony Leroy Davis filed this matter under 28 U.S.C. § 2254 challenging his state-court conviction of battery of a law enforcement officer. On June 13, 2022, the Court issued a memorandum and order denying relief. (Doc. 46.) The matter now comes before the Court on Petitioner's "Praecipe for Execution Certificate for Production of Documents and Things and Entry upon Land for Inspection and Other Purposes via Counsel Appointed." (Doc. 48.) Because this document purports to direct the clerk to "execute discovery," the Court will construe it as a motion for discovery.[1]

As the Court has previously explained to Petitioner,

> "The Federal Rules of Civil Procedure that govern pretrial discovery do not control discovery in habeas corpus cases unless the Court so orders. *See* Fed. R.

---

[1] Petitioner also briefly refers to his Sixth Amendment right to counsel in a state-court case. If Petitioner wishes counsel appointed for state-court proceedings, he must ask the state courts to appoint counsel. As a federal court, this Court does not appoint counsel for state proceedings.

1

> Civ. P. 81(a)(4)(A); *Harris v. Nelson*, 394 U.S. 286, 289-90 (1969). 'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.' *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1977)). Under Habeas Rule 6, the Court *may permit* discovery if Petitioner shows 'good cause' and, 'if necessary for effective discovery, the judge must appoint an attorney for a petitioner' who is financially unable to retain counsel."

(Docs. 29, 46 (emphasis added).)

In any event, the Court has already ruled on the merits of the petition and denied relief. This matter is closed and no certificate of appeal will issue. Accordingly, there is no need for discovery and the motion is denied.

**IT IS THEREFORE ORDERED** that the "Praecipe for Execution Certificate for Production of Documents and Things and Entry upon Land for Inspection and Other Purposes via Counsel Appointed" (Doc. 48) is construed as a motion for discovery and is **denied.**

**IT IS SO ORDERED.**

DATED: This 16th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge