IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                **Petitioner,**

v.                                                              **CASE NO. 20-3269-SAC**

**DAN SCHNURR,**

                **Respondent.**

## MEMORANDUM AND ORDER

Proceeding pro se, Petitioner Anthony Leroy Davis filed this matter under 28 U.S.C. § 2254 challenging his state-court conviction of battery of a law enforcement officer. On June 13, 2022, the Court issued a memorandum and order denying relief. (Doc. 46.) Petitioner then filed a motion for discovery, which this Court denied on June 16, 2022. (Docs. 48, 49.) In the order, the Court reminded Petitioner that it has already ruled on the merits of the petition and denied relief, so this matter is closed.

On June 22, 2022, Petitioner filed four additional documents with this Court: a motion for "Joinder of Derek Schmidt Attorn[e]y General" (Doc. 50); a "Notice and Pro Se Petitioner Motion for Reconsideration of Habeas Corpus, Motion for New Trial; Motion Amendment Judgment; Unsworn Declaration of Anthony Davis; and Writ of Supervisory Control for Reassi[g]nment of this Case by Disqualification to Another, U.S. District Judge" (Doc. 51); a

1

"Praecipe for Entry of Judgment by Default" (Doc. 52); and a "Declaration of Anthony Leroy Davis for a Writ of Supervisory Control" (Doc. 53). Because Petitioner is proceeding pro se, the Court liberally construes his filings, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Each filing is addressed in turn.

**"Joinder of Derek Schmidt Attorn[e]y General Needed for Just Adjudication Fed. R. Civ. P. 19(a)" (Doc. 50)**

In this motion, Petitioner seeks to join Derek Schmidt, the Attorney General of the State of Kansas, as a respondent. Petitioner provides no legal authority to join Attorney General Schmidt as a respondent in this already closed matter. Notwithstanding Rule 19(a), the United States Supreme Court has held that in federal habeas challenges, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, this motion will be denied.

**"Notice and Pro Se Petitioner Motion for Reconsideration of Habeas Corpus, Motion for New Trial; Motion Amendment Judgment; Unsworn Declaration of Anthony Davis; and Writ of Supervisory Control for Reassi[g]nment of this Case by Disqualification to Another, U.S. District Judge" (Doc. 51)**

Liberally construing this motion, Petitioner asks for

reconsideration of the denial of habeas relief, seeks the recusal of the undersigned, and seeks reconsideration of the decision not to issue a certificate of appealability (COA). First, Petitioner's request for recusal or for the undersigned's "disqualification," is difficult to understand; he refers to personal jurisdiction, service of process, and a general assertion that justice requires the disqualification. Petitioner provides no legitimate basis for the undersigned's recusal, so the request will be denied.

Turning to Petitioner's request for reconsideration of the denial of habeas relief and the decision not to issue a certificate of appealability, some background information is helpful. The operative petition at the time the Court ruled on the merits of this matter was the third amended petition. (See Doc. 23.) Of the four asserted grounds for relief in the third amended petition, the Court held that Petitioner had abandoned Ground One, Ground Two was indiscernible, and Ground Four was an unauthorized and successive habeas challenge to his 1989 criminal convictions over which this Court lacked jurisdiction. *Id.* at 5-8. The sole remaining ground—Ground Three—alleged that Petitioner's constitutional right to a presumption of innocence was violated by the combined effect of an officer escort during his trial testimony and the noise made during trial by the transport chains he was not wearing at the time. (Doc. 46, p. 6.)

Local Rule 7.3 provides that "[p]arties seeking

3

reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000).

Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v.* Wefald, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

Petitioner has not met the standard for reconsideration under either Rule 59 or 60. In this wide-ranging motion, Petitioner He asserts that he is being deprived of the entire state-court record and that the entry of judgment in this matter "was a nullity [*sic*]." (Doc. 51, p. 1.) He raises questions of personal jurisdiction, service of process, jury instructions, the validity of his 1989 convictions, voter fraud, the executive privilege, and

4

the doctrine of operative construction, none of which are relevant to the Court's denial of the habeas petition at issue. Similarly unrelated to the judgment in this matter are Petitioner's request for a "perpetual injunction in favor of Respondent" and his argument that the officer escort and clanging of transport chains constituted shocking or intolerable official misconduct and false imprisonment. He asserts that the Court should have appointed counsel to represent him[1], should have allowed him to conduct discovery[2], and must recognize he is actually innocent of the crime of conviction[3].

Petitioner has not presented previously unavailable evidence relevant to the Court's ruling on the merits, he has not identified an intervening change in the controlling law, nor has he established that this Court must reconsider the dismissal to correct clear error or prevent manifest injustice. Moreover, to

---

[1] As the Court has previously explained to Petitioner, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[2] As the Court has previously explained to Petitioner, the Federal Rules of Civil Procedure that govern pretrial discovery do not control discovery in habeas corpus cases unless the Court so orders. *See Harris v. Nelson*, 394 U.S. 286, 289-90 (1969). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary courts." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010).

[3] "The Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it "has never recognized freestanding actual innocence claims as a basis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.'" *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

5

the extent that Petitioner seeks reconsideration of prior orders denying appointment of counsel and discovery, Petitioner has presented no substantive argument as to why those denials were erroneous. Thus, whether considered under Rule 59 or 60, the motion for reconsideration will be denied.

Similarly, although Petitioner asserts that "[r]easonable jurists could debate whether the . . . Petition should have been resolved in a different manner or that the issues presented were adequate to . . . proceed further," he does not further explain the assertion. (Doc. 51, p. 1.) As this relates to the Court's decision not to issue a COA in this matter, the Court remains convinced that Petitioner did not make "a substantial showing of the denial of a constitutional right" in Ground Three, on which the Court denied habeas relief. The Court also remains convinced that jurists of reason would not find it debatable whether Grounds One, Two, and Four, which were dismissed on procedural grounds and not on their merits, stated a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (setting forth requirements for issuing or denying a COA); 28 U.S.C. § 2253 (same). Accordingly, the request to reconsider issuing a COA will be denied.

**"Praecipe for Entry of Judgment by Default" (Doc. 52)**

In this document, Petitioner purports to direct the Court to enter default judgment against Attorney General Schmidt and award

6

Petitioner attorney's fees. As explained above, Attorney General Schmidt is not a proper party to this matter. In addition, Petitioner's assertion that Respondent in this matter is in direct contempt of court or failed to meet a court-imposed deadline are factually inaccurate. Accordingly, the "Praecipe for Entry of Judgment by Default" is construed as a motion for entry of default judgment and will be denied.

**"Declaration of Anthony Leroy Davis for a Writ of Supervisory Control" (Doc. 53)**

In this document, Petitioner "request[s] leave of court to proceed pro se, collateral attacking my April 11, 1988[] Conviction and sentences." (Doc. 53, p. 1.) Liberally construing this filing as a motion to reconsider the dismissal of Ground Four in this matter as an unauthorized successive § 2254 petition, the motion will be denied. As has been repeatedly explained to Petitioner, this Court lacks jurisdiction over § 2254 claims related to his 1989 convictions unless he first obtains authorization from the Tenth Circuit to bring those claims. *See Davis v. Brownback*, 646 Fed. Appx. 637 (10th Cir. 2016) (denying COA and dismissing appeal of this Court's denial of federal habeas petition attacking 1989 convictions as unauthorized successive motion). This Court cannot grant leave for Petitioner to pursue successive federal habeas claims; Petitioner must obtain that authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) (explaining that before a

7

petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

**IT IS THEREFORE ORDERED** that Petitioner's motion for "Joinder of Derek Schmidt Attorn[e]y General" (Doc. 50) and his "Notice and Pro Se Petitioner Motion for Reconsideration of Habeas Corpus, Motion for New Trial; Motion Amendment Judgment; Unsworn Declaration of Anthony Davis; and Writ of Supervisory Control for Reassi[g]nment of this Case by Disqualification to Another, U.S. District Judge" (Doc. 51) are **denied**.

**IT IS FURTHER ORDERED** that Petitioner's "Praecipe for Entry of Judgment by Default" (Doc. 52) is construed as a motion for entry of default judgment and is **denied** and Petitioner's "Declaration of Anthony Leroy Davis for a Writ of Supervisory Control" (Doc. 53) is construed as a motion for reconsideration and is **denied**.

**IT IS SO ORDERED.**

DATED: This 24th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

8