IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                **Petitioner,**

    v.                                              **CASE NO. 20-3269-SAC**

**DAN SCHNURR,**

                **Respondent.**

## MEMORANDUM AND ORDER

Proceeding pro se, Petitioner Anthony Leroy Davis filed this matter under 28 U.S.C. § 2254 challenging his state-court conviction of battery of a law enforcement officer. On June 13, 2022, the Court issued a memorandum and order denying relief. (Doc. 46.) Petitioner then filed a motion for discovery, which this Court denied on June 16, 2022. (Docs. 48, 49.) In the order, the Court reminded Petitioner that it has already ruled on the merits of the petition and denied relief, so this matter is closed.

On June 22, 2022, Petitioner filed four additional documents that the Court construed as motions and denied in an order dated June 24, 2022. (Doc. 54.) Petitioner has now filed a "Notice and Motion for Stay Pending Review" (Doc. 55), a "Motion for the Records" (Doc. 56), and a "Motion for Approval of Bond" (Doc. 57).

The Court will deny all three of the pending motions. Because Petitioner is proceeding pro se, the Court liberally construes his

1

filings, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Petitioner's "Notice and Motion for Stay Pending Review" is made pursuant to Federal Rule of Appellate Procedure 18(a)(1). (Doc. 55.) Similarly, his "Motion for the Records" is purportedly made pursuant to Federal Rules of Appellate Procedure 11(b) and 16(a). (Doc. 56.)

Rules 16 and 18(a)(1) are inapplicable to this matter because they apply to appeals from administrative agency orders. *See* Fed. R. App. P. 20. Thus, to the extent that Petitioner bases his motions on these rules, they will be denied. The Federal Rule of Appellate Procedure that applies to appeals in habeas corpus proceedings is Rule 22; such appeals are also addressed in 28 U.S.C. § 2253. Rule 22(b)(1) sets forth when the district clerk will send to the court of appeals the file of the district-court proceedings and other information. Thus, no motion for an appellate record is necessary.

Finally, Petitioner's motion for approval of bond (Doc. 57) is based on the factual premise that "[a] judgment was entered against Derek Schmidt, Defendant, by this Court on June 23, 2022." (Doc. 57, p. 1.) This premise is inaccurate. This Court did not enter judgment on June 23, 2022. (See Doc. 46 (denying habeas relief and entering judgment on June 13, 2022).) The Court has not entered judgment against Derek Schmidt in this matter. In fact, Derek Schmidt is not a party to this matter. Thus, Petitioner's

2

motion for approval of bond is denied and to the extent that document purports to give notice of a hearing set for July 20, 2022, no such hearing will occur.

**IT IS THEREFORE ORDERED** that Petitioner's motion for stay pending review (Doc. 55); his motion for the records (Doc. 56); and his motion for approval of bond (Doc. 57) are **denied.**

**IT IS SO ORDERED.**

DATED:  This 7th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge