IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

Petitioner,

v.                                              CASE NO. 20-3269-SAC

DAN SCHNURR,

Respondent.

## MEMORANDUM AND ORDER

Proceeding pro se, Petitioner Anthony Leroy Davis filed this matter under 28 U.S.C. § 2254 challenging his state-court conviction of battery of a law enforcement officer. On June 13, 2022, the Court issued a memorandum and order denying relief. (Doc. 46.) The judgment was entered the same day. (Doc. 47.)

Petitioner then filed a motion for discovery, which this Court denied on June 16, 2022. (Docs. 48, 49.) In the order, the Court reminded Petitioner that it had already ruled on the merits of the petition and denied relief, so this matter is closed. On June 22, 2022, Petitioner filed four additional documents that the Court construed as motions and denied in an order dated June 24, 2022. (Doc. 54.) Undeterred, on June 30, 2022, Petitioner filed three additional motions (Docs. 55, 56, and 57), which the Court denied in an order (Doc. 58) dated July 7, 2022. On July 12, 2022, Petitioner filed a notice of appeal with the Tenth Circuit; the

1

appeal has now been docketed and assigned a case number. (Docs. 59, 60, and 61.)

This matter comes now before this Court on Petitioner's "Writ for Settlement of a Judgment Enforcing an Agency Order in Part" and attachment, filed July 21, 2022. (Docs. 62 and 62-1.) Liberally construing the documents, as is appropriate since Petitioner proceeds pro se, Petitioner seeks to join Kansas Attorney General Derek Schmidt as a party to this action and he asks the Court to enter default judgment against Attorney General Schmidt, find him in direct contempt of court, and order him to pay Petitioner $4,000.00 in attorney fees.

As the Court has repeatedly explained to Petitioner, he is not entitled to an entry of default judgment in this matter, nor was any party found to be in contempt of court, nor is he entitled to recover attorney fees from Attorney General Schmidt, who is not a party to this action and may not be joined as a party to this action. (See Docs. 50, 54, 58.) Thus, Petitioner's filing, which the Court will construe as a motion, will be denied.

The Court cautions Petitioner that "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "'[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.'" *Ysais v.*

2

*Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). Although the Court does not find it necessary at this time to impose restrictions on Petitioner's filings in this matter, Petitioner is advised that future motions filed in this case seeking entry of default judgment in Petitioner's favor, attempting to join Attorney General Schmidt as a party to this action, or seeking to recover attorney fees from Attorney General Schmidt will be summarily denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for "Writ for Settlement of a Judgment Enforcing an Agency Order in Part" (Doc. 62) is **denied.** Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 25th day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge